JDN

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angelo Bernard Clark,            ) | No. CV 05-3328-PHX-DGC (MEA) |
|                                  ) | |
| Plaintiff,        ) | **ORDER** |
|                                  ) | |
| vs.                              ) | |
|                                  ) | |
| Joseph Arpaio, et al.,           ) | |
|                                  ) | |
| Defendants.       ) | |
|                                  ) | |

Plaintiff, presently confined in the Arizona State Prison Complex - Lewis, in Buckeye, Arizona, has filed a civil rights action pursuant to 42 U.S.C. § 1983. The Court will require an answer to the Complaint.

**A.     Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of **$250.00** for this action. No initial partial filing fee will be assessed by this Order. 28 U.S.C. § 1915(b)(1).

Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. The Court will direct the appropriate agency to collect these monthly payments, which will be forwarded to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**TERMPSREF**

1   Plaintiff should take notice that if he is released before the filing fee is paid in full, he
2   must pay the remaining unpaid amount of the filing fee within 120 days of the date of his
3   release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of
4   his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why
5   he is unable to pay the remainder of the filing fee.

6   **B.**     **Statutory Screening of Prisoner Complaints**

7   The Court is required to screen complaints brought by prisoners seeking relief against
8   a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
9   § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
10  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
11  may be granted, or that seek monetary relief from a defendant who is immune from such
12  relief. 28 U.S.C. § 1915A(b)(1), (2).

13  **C.**     **Claims and/or Parties to be Served and/or Dismissed**

14  *1.   Service*

15  Plaintiff's action concerns his previous confinement at the Lower Buckeye Jail in
16  Phoenix, Arizona. In his Complaint Plaintiff alleges that the jail was severely overcrowded,
17  he was exposed to asbestos, and the living conditions were unsanitary. He claims that he
18  suffered from depression, fear for his safety, anxiety, nausea, coughing, headaches, sleep
19  anxiety, and exposure to infections. Plaintiff further alleges that Sheriff Joseph Arpaio is
20  liable because he is in charge of the operation of the jails and sets forth the policies at the
21  jails. Plaintiff also alleges that Captain Peterson is liable because he carries out the policies
22  established by Arpaio. These allegations adequately state a claim, and the Court will require
23  an answer to the Complaint.

24  *2.   Dismissal*

25  **a.  Unknown Detention Officers**

26  Plaintiff names "Unknown Detention Officers" as a Defendant. Generally, the use of
27  anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal
28  Rules of Civil Procedure requires the plaintiff to include the names of the parties in the

TERMPSREF                                                 - 2 -

1 action. As a practical matter, it is impossible in most instances for the United States Marshal 2 or his designee to serve a summons and complaint or amended complaint upon an 3 anonymous defendant.

4 The Ninth Circuit has held that where identity is unknown prior to the filing of a 5 complaint, the plaintiff should be given an opportunity through discovery to identify the 6 unknown defendants, unless it is clear that discovery would not uncover the identities, or that 7 the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 8 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). 9 Plaintiff may use the discovery processes to obtain the names of the persons whom he 10 believes violated his constitutional rights. If Plaintiff discovers the true identity of these 11 fictitious parties through the discovery process, or otherwise, he may seek leave of the Court 12 to amend his complaint to name the individuals in place of Unknown Detention Officers.

13 **b. Hart v. Hill**

14 Throughout his Complaint, Plaintiff refers to Hart v. Hill, No. CIV 77-0479-PHX- 15 EHC (MS) (D. Ariz.), claiming that the conditions of his confinement violated an Amended 16 Judgment in that action. Jurisdiction to enforce the judgment is retained by the court which 17 entered it. Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004). A civil rights action 18 is not the proper means by which to enforce the decree. Cagle v. Sutherland, 334 F.3d 980, 19 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 20 920 F.2d 525, 534 (8th Cir. 1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 21 1986). Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim 22 for damages because such orders do not create "rights, privileges, or immunities secured by 23 the Constitution and laws." Green, 788 F.3d at 1123-24. Remedial decrees are the means 24 by which unconstitutional conditions are corrected but they do not create or enlarge 25 constitutional rights. Id. at 1123. To the extent Plaintiff seeks to enforce Hart v. Hill, his 26 claim is not properly brought in this action. Instead, his allegations must separately state a 27 violation of a constitutional right. At this juncture, as described *supra*, Plaintiff's allegations 28 do state a claim for a constitutional violation.

**D.      Rule 41 Cautionary Notice**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS THEREFORE ORDERED THAT:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28 U.S.C. § 1915(a)(1).

(2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  No initial partial filing is assessed.

(3) The following Defendants are dismissed without prejudice: Unknown Detention Officers.

(4) The Clerk of Court shall send Plaintiff a service packet including the Complaint, this Order, and both summons and request for waiver forms for Defendants Joseph Arpaio and Captain Peterson.

(5) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on each Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Rule 16.2(b)(2)(B)(i) of the Local Rules of Civil Procedure.

(7)  The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(8) The United States Marshal shall notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

1 Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The
2 Marshal shall file waivers of service of the summons or requests for waivers that were
3 returned as undeliverable as soon as they are received. If a waiver of service of summons
4 is not returned by a Defendant within thirty days from the date the request for waiver was
5 sent by the Marshal, the Marshal shall:

6 (a) Personally serve copies of the Summons, Complaint, and this Order upon the
7 Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

8 (b) Within 10 days after personal service is effected, file the return of service for
9 the Defendant, along with evidence of the attempt to secure a waiver of service of the
10 summons and of the costs subsequently incurred in effecting service upon the
11 Defendant. The costs of service shall be enumerated on the return of service form
12 (USM-285) and shall include the costs incurred by the Marshal for photocopying
13 additional copies of the Summons, Complaint, or this Order and for preparing new
14 process receipt and return forms (USM-285), if required. Costs of service will be
15 taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the
16 Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

17 (9) **A Defendant who agrees to waive service of the Summons and Complaint**
18 **shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

19 (10) Defendants shall answer the Complaint or otherwise respond by appropriate
20 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
21 Rules of Civil Procedure.

22 (11) Any answer or responsive pleading shall state the specific Defendant(s) by name
23 on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other
24 motion or paper that does not identify the specific Defendant(s) by name on whose behalf
25 it is filed.

26 (12) Plaintiff shall serve upon Defendants, or if appearance has been entered by
27 counsel, upon counsel, a copy of every further pleading or other document submitted for
28 consideration by the Court. Plaintiff shall include with the original document and copy, to

be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendants or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(13) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(14) A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

(15) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rule 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 29th day of March, 2006.

_____
David G. Campbell
United States District Judge